IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CRIS CHRISTENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:14-cv-05077-REL |
| | ) |
| FREEMAN HEALTH SYSTEM, | ) |
| THERESE MCBRIDE, D.O., | ) |
| JAMES PLETCHER, D.O., | ) |
| AND DEANNA MARQUIS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS DEANNA MARQUIS AND FREEMAN HEALTH SYSTEM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW defendants Deanna Marquis and Freeman Health System, by and through their attorneys of record, Hyde, Love & Overby, LLP, and for their Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and under Rule 12(b)(7) for failure to join an indispensable party under Rule 19, states to the Court as follows:

1. Plaintiff's complaint improperly splits his cause of action with *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR, which was filed on May 29, 2013 and is currently pending in the Western District of Missouri before Magistrate Judge David P. Rush.

2. Plaintiff, in both this current case and in *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR, seeks to hold Freeman Health System and its employees and/or agents liable for injuries that plaintiff alleges arose out of his June 5, 2012 involuntary admission for imminent harm; plaintiff seeks to recover for the same alleged injuries arising out of the same occurrence from a same party in both cases.

3. This current case contains state law claims originally filed in *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR, that were voluntarily dismissed after plaintiff failed to comply §538.225 RSMo.

4. Currently, plaintiff is prosecuting state law claims in this present suit and federal Section 1983 claims in *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR.

5. These claims arise out of the same acts, the parties and evidence necessary to sustain the claim are the same in both actions, and the facts and circumstances out of which the alleged injury arose are the same.

6. "An entire claim cannot be divided and made the subject of several suits." *Roach v. Teamster Local Union No. 6A8*, 455 F.Supp. 322, 323 (E.D. Mo. 1978).

7. Under both federal and state law, plaintiff's claims should be dismissed for improperly splitting his causes of action.

8. By improperly splitting his causes of action, plaintiff fails to state a claim upon which relief can be granted. As such, defendants move this Court under Fed.R.Civ.P 12(b)(6) to dismiss plaintiff's claims.

9. Additionally or in the alternative, plaintiff's claims should be dismissed under Rule 19(b) for failing to join an indispensable party.

10. Plaintiff's involuntary detention came about after he was arrested by officers of the Joplin Police Department. It was an officer of the Joplin Police Department that filled out the application for a ninety six (96) hour imminent harm admission with the Newton County Circuit Court. The Newton County Circuit Court approved and ordered the involuntary detention.

11. In *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR, plaintiff seeks recovery against the Joplin Police Department and the individual officers for the same injuries arising out of the same involuntary detention at issue in this present case.

12. The absence of the Joplin Police Department and its officers leaves the defendants in this present case subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Failing to join these indispensable parties impairs or impedes the defendants in this present suit the ability to protect their interest. As such, defendants move this Court under Fed.R.Civ.P 12(b)(7) to dismiss plaintiff's claims for failure to join a party under Rule 19.

13. Defendants fully incorporate their Suggestions in Support of their Motion to Dismiss.

WHEREFORE, defendants pray for an order of this Court sustaining its motion to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted by reason that plaintiff improperly split his claims and for the reason, or alternatively for the reason that plaintiff failed to join a party under Rule 19, and for such further and additional relief as the Court deems just and proper.

HYDE, LOVE & OVERBY, LLP

/s/ Andrew J. Donelan
DAVID E. OVERBY
Missouri Bar No. 38052
ANDREW J. DONELAN
Missouri Bar No. 62850
HYDE, LOVE & OVERBY, LLP
1121 S. Glenstone
Springfield, MO 65804
Telephone: 417-831-4046
Facsimile: 417-831-4989
Email: deovrby@cs.com
ajdonelan@att.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:


Philip R. Quinn
Baird, Lightner, & Millsap, P.C.
1901-C South Ventura
Springfield, Missouri 65804
Email:  pquinn@blmhpc.com
Attorneys for plaintiff

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Andrew J. Donelan<br>ANDREW J. DONELAN