IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CRIS CHRISTENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:14-cv-05077-REL |
| ) | |
| FREEMAN HEALTH SYSTEM, ) | |
| THERESE MCBRIDE, D.O., ) | |
| JAMES PLETCHER, D.O., ) | |
| AND DEANNA MARQUIS ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS DEANNA MARQUIS AND FREEMAN HEALTH SYSTEM'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

I. Introduction……………………………………………………………………………..3

II. Defendant's Motion to Dismiss Under Rule 12(b)(6) for Plaintiff's Failure to State a Claim for which Relief Can be Granted by Improperly Splitting his Claims…………………..4

    A. Factual Background……………………………………………………………...4

    B. Legal Argument………………………………………………………………….5

III. Defendant's Motion to Dismiss Under Rule 12(b)(7) for Failure to Join and Indispensable Party………………………………………………………………………………….9

    A. Factual Background……………………………………………………………...9

    B. Legal Argument………………………………………………………………...10

IV. Conclusion……………………………………………………………………………..12

# TABLE OF AUTHORITIES

**Cases**

*Bagsby v. Gehres*, 139 S.W.3d 611 (Mo. App. E.D. 2004)……………………………………...3,6,7

*Clarke v. Redeker*, 406 F.2d 883 (8th Cir. 1969)……………………………………………..5

*Butts v. Evangelical Lutheran Good Samaritan Soc.*, 852 F.Supp.2d 1139 (D.S.D 2012)……….6

*Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041 (8th Cir.1997)……………………………..6

*Hutnick v. Beil,* 84 S.W.3d 463 (Mo. App. E.D. 2002)……………………………………………6,7

*Kincaid Enterprises, Inc. v. Porter,* 812 S.W.2d 892 (Mo. App. W.D.1991)…………………….9

*Lake Lorraine, Inc. v. American Tel. and Tel.*, 378 F.Supp. 13 (E.D. Mo. 1974)………………..6

*McCrary v. Truman Medical Center, Inc.*, 943 S.W.2d 695 (Mo. App. W.D. 1997)……………..8

*McFadden v. Grand Union,* 154 F.R.D. 61 (N.Y.S.D. 1994)……………………………………..10, 11

*McGuire v. Kenoma*, 375 S.W.3d 157 (Mo. App. W.D. 2012)…………………………………...8

*O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir. 1989)…………………………………..9

*Rosemann v. Roto-Die, Inc.,* 276 F.3d 393 (8th Cir.2002)………………………………………..7

*Towle v. Boeing Airplane Co.*, 364 F.2d 590 (8th Cir. 1966)……………………………..........6

*Travelers Casualty and Surety Co., v. Luther*, 2005 WL 1668128 (E.D. Mo July 18. 2005)…….5

**Statutes**

§538.225 RSMo…………………………………………………………………………………...4, 5

**Rules**

Fed.R.Civ.P. 1……………………………………………………………………………………10

Fed. R. Civ. P. 19………………………………………………………………………………...3,10,11

Fed.R.Civ.P 12…………………………………………………………………………………4,9, 12

## I. Introduction

Plaintiff has improperly split his cause of action with *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR [herein referred to as "Original Suit"], which was filed on June 29, 2013 and is currently pending in the Western District of Missouri before Magistrate Judge David P. Rush. Plaintiff's claims in both this action and the Original Suit arise out of the same acts, the parties and evidence necessary to sustain the claim are the same in both actions, and the facts and circumstances out of which the alleged injury arose are the same. The two separate suits also impermissibly allow for double recovery by the plaintiff for the same injuries. As such plaintiff's complaint should be dismissed for failing to state a claim for which relief can be granted. See *Bagsby v. Gehres*, 139 S.W.3d 611 (Mo. App. E.D. 2004).

Plaintiff has also failed to join the city of Joplin, its Police Department, and its individual police officers who were involved in the occurrence which make up the heart of plaintiff's complaint. These officers arrested plaintiff and filed an application for a ninety six (96) hour imminent harm admission (which was ordered by the Newton County Circuit Court), and are co-defendants in the Original Suit. In plaintiff's separate Original Suit, he alleges the police officers and the city of Joplin are responsible for causing the same injuries at issue in this current case. The separate suits give rise to inconsistent rulings in differing courts and leave the parties to this suit subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. As such, plaintiff's complaint should be dismissed under Fed.R.Civ.P 19(b) for failing to join an indispensable party.

## II. Defendant's Motion to Dismiss Under Rule 12(b)(6) for Plaintiff's Failure to State a Claim for which Relief Can be Granted by Improperly Splitting his Claims.

Plaintiff, by seeking recovery against the same parties for the alleged same injuries arising out of the same occurrence, has improperly split his claims with his Original Suit. As such, plaintiff's claims are precluded and should be dismissed.

### A. Factual Background

On June 5, 2012, the Joplin Police Department was alerted by plaintiff's estranged wife that plaintiff was a danger to himself. *Complaint ¶¶ 1-23*. Officers of the Joplin Police Department visited plaintiff at his hotel room and eventually took plaintiff to Freeman Health System for a 96 hour mental health evaluation. *Complaint ¶¶ 28-29*. Plaintiff was evaluated by mental health professionals at Freeman Health System and was discharged the following day, well before the ninety six (96) hour statutory deadline for holding and examining a patient. *Complaint ¶ 54*.

On May 29, 2013, plaintiff filed his Original Suit against Freeman Health System, a staff member of Freeman Health System, the City of Joplin, and individual police officers for injuries plaintiff alleges he sustained during the involuntary detention. *Exhibit A: Plaintiff's First Complaint for Original Suit*. The complaint asserted Federal §1983 claims against Freeman by and through its employees, as well as state law claims of negligence and battery. *Exhibit A*.

On January 2, 2014, Freeman Health System filed a motion to dismiss plaintiff's state law claims for plaintiff's failure to file a healthcare affidavit in accordance with §538.225 RSMo. *Exhibit B: Motion to Dismiss Original Suit*. On January 21, 2014, plaintiff moved the Court to dismiss the state law claims without prejudice and acknowledged that he failed to comply with §538.225 RSMo., which requires a plaintiff to file with in one hundred and eighty (180) days an

4

affidavit stating that he has obtained the written opinion of a legally qualified health care provider who states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition. *Exhibit C: Plaintiff's Dismissal of State Law Claims in Original Suit*. The Court dismissed the state law claims without prejudice on January 23, 2014. *Exhibit D: Order of Dismissal*. After seeking leave to amend his complaint, plaintiff filed his second amended complaint on June 20, 2014, which asserts several civil rights claims against Freeman arising out of plaintiff's involuntary confinement. *Exhibit E: Plaintiff's Second Amended Complaint for Original Suit*.

On June 4, 2014, plaintiff filed this current complaint against Freeman Health Systems and its agents and employees. The claims are substantially the same as the state law claims that were dismissed in plaintiff's Original Suit. Additionally, the claims in this present suit, like those still at issue in the Original Suit, arise out of the 96 hour imminent harm admission and the treatment delivered to plaintiff during this admission. Like the existing claims in the Original Suit, plaintiff alleges that he suffered injuries in the form of past, present, and future pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses out of what he characterizes as an improper detention. Compare *Complaint, Counts I-VI* with *Exhibit E, Counts I- XI*. Plaintiff seeks recovery for the same alleged injuries in both cases. Compare *Complaint, Counts I-VI* with *Exhibit E, Counts I- XI*.

### B. Legal Argument

"Under federal law a plaintiff cannot split a cause of action." *Travelers Casualty and Surety Co., v. Luther*, 2005 WL 1668128 at * 3 (E.D. Mo July 18. 2005) (citing *Clarke v.*

5

*Redeker*, 406 F.2d 883, 885 (8th Cir. 1969)). "It is well settled that a litigant cannot split his claim and have two trials upon the same alleged breach of duty." *Towle v. Boeing Airplane Co.*, 364 F.2d 590, 592 (8th Cir. 1966). "The Eighth Circuit Court of Appeals has concluded that res judicata is a substantive issue in a diversity case and is controlled by state law." *Butts v. Evangelical Lutheran Good Samaritan Soc.*, 852 F.Supp.2d 1139, 1144 (D.S.D 2012) (citing *Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1043 (8th Cir.1997)). Under Missouri law, the doctrine of res judicata prevents a plaintiff from splitting his cause of action into concurrent and simultaneous claims. *Hutnick v. Beil,* 84 S.W.3d 463 (Mo. App. E.D. 2002).

> There are sound policy reasons for prohibiting a party from splitting a cause of action. The rule against the splitting of a cause of action serves to prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly. The rule also implements a public and judicial policy applied by federal and state courts to foster the efficient and economic administration of the judicial system, by forestalling an undue clogging of court dockets.

*Hutnick*, 84 S.W.3d at 466. The doctrine surrounding the rule against splitting a cause of action is in the nature of a rule of repose with the double purpose of protecting both the courts and the litigants from the harassment of repetitious litigation. *Lake Lorraine, Inc. v. American Tel. and Tel.*, 378 F.Supp. 13, 19 (E.D. Mo. 1974).

"A cause of action that is single may not be split or tried piecemeal." *Bagsby v. Gehres*, 139 S.W.3d 611, 615 (Mo. App. E.D. 2004); see also *Lake Lorraine, Inc.*, 378 F.Supp. at 19 ("It is fundamental that causes of action should not be tried piecemeal").

> In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. The word "transaction" has a broad meaning and includes all the facts and circumstances out of which an injury arose.

*Hutnick,* 84 S.W.3d at 466; see also *Rosemann v. Roto-Die, Inc.,* 276 F.3d 393, 397 (8th Cir.2002) (recognizing the above test).

In *Bagsby*, the plaintiff filed state and federal lawsuits against his ex-wife and former law partner. 139 S.W.3d 611. Both lawsuits centered on a partnership agreement and the alleged misappropriations of funds from a joint account. *Id.* The federal case asserted several claims, including federal RICO claims against the defendant, the California Tax Franchise Board, the IRS, and others. *Id.* at 614. The state law suit was then filed while the federal case was pending and asserted several state law claims. *Id.* The appellate court held that the state suit was improperly split. *Id.* at 616. According to the court, both cases arose out of the same act, conduct or transaction and sought recovery for the same injuries; both cases concerned the same conduct of the defendant and the same partnership agreement. *Id.* In response to the plaintiff's argument that the state law claims and federal claims were different, the appellate court noted "The claims asserted in the two cases present different legal theories ***but are all based on the same cause of action… Should Plaintiff prevail on one or more counts alleged in either petition, he will be entitled to but one recovery***." *Id.* (emphasis added).

In *Hutnick,* the plaintiff filed multiple suits arising out of her brother's role as trustee of their late father's estate. 84 S.W.3d at 464-65. The appellate court, in affirming the dismissal of the second suit, noted that "all of the allegations pertain to the same conduct of Son in his

7

position as trustee of the JEB Trust." *Id.* at 466. "Quite obviously, both actions arise out of the same act, conduct, or transaction." *Id.* "[Plaintiff] cannot bring multiple lawsuits against [her brother] for actions arising out of the same conduct." *Id.*

In *McCrary v. Truman Medical Center, Inc.*, the appellate court held that a medical negligence claim and a subsequent products liability claim arising out of the same medical treatment could not be split. 943 S.W.2d 695 (Mo. App. W.D. 1997). "The underlying controversy pertains to the provision of health care services and is identical, for all intents and purposes." *Id.* at 698. "All claims arising out of the same subject matter should be determined in one action." *Id.*

In both this present case and in the Original Suit, plaintiff's claims arise under the provision of health services provided to plaintiff during the course of his 96 hour imminent harm admission. The separate actions brought arise out of the same acts: the conduct/treatment directed toward plaintiff by Freeman Health System and its employees and/or agents after he was brought to Freeman by the Joplin Police Department. Additionally, the parties, subject matter, and evidence necessary to sustain plaintiff's claims that Freeman Health System violated plaintiff's civil rights in the Original Suit are the same as are necessary to prove negligence or an intentional tort in this present case. The only distinction between the claims in both suits is that they are premised on different theories of recovery.

It also must be noted that plaintiff's two lawsuits seek recovery for the same injuries, and splitting plaintiff's claims impermissibly raises the possibility of double recovery for the same harm. Under Missouri law, "a party is not entitled to be made more than whole or receive more than one full recovery for the same harm." *McGuire v. Kenoma*, 375 S.W.3d 157, 177 (Mo. App. W.D. 2012). "A single transaction may invade more than one right, and the person injured

may sue on more than one theory of recovery. The plaintiff, however, may not be made more than whole or receive more than one full recovery for the same harm." *Kincaid Enterprises, Inc. v. Porter,* 812 S.W.2d 892, 900 (Mo. App. W.D.1991). Federal law likewise prohibits double recovery for the same damages. See *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1117 (8th Cir. 1989). Because both suits raise the possibility of double recovery, and because both suits arise out of arise out of the same act, conduct, or transaction, plaintiff has improperly split his claims and fails to state a claim for which relief can be granted.

### III. Defendant's Motion to Dismiss Under Rule 12(b)(7) for Failure to Join and Indispensable Party

Plaintiff has failed to join the police officers who arrested plaintiff and filed the application for 96 hour imminent harm admission with the Circuit Court of Newton County. Plaintiff's claims against all defendants the Original Suit and in this present suit, including the City of Joplin and individual police officers, seek recovery for the same injuries. Failing to join these defendants allows for the possibility of double recovery and subjects Freeman Health System to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

### A. Factual Background

As detailed above, on June 5, 2012, the Joplin Police Department was alerted by plaintiff's estranged wife that plaintiff was a danger to himself. *Complaint ¶¶ 1-23*. Officers of the Joplin Police Department visited plaintiff at his hotel room and eventually took plaintiff to Freeman Health System and filled out an application for ninety six (96) hour mental hold. *Exhibit F: Application for Imminent Harm Admission*. The application was approved by the Circuit Court of Newton County, which ordered the involuntary confinement. *Exhibit G: Court Order*. Plaintiff has since asserted claims in his Original Suit against the City of Joplin and

9

several of its police officers for their role in his 96 hour mental health evaluation; he seeks compensation for the same injuries at issue in this present case. See *Exhibit A* and *E* and compare with *Complaint Counts I-VI*.

    **B. Legal Argument**

Under *Fed.R.Civ.P. 19(a)*, a party must be joined if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under *Fed.R.Civ.P. 19 (b),* "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules of Civil Procedure, including Rule 19, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

    *McFadden v. Grand Union*, which was decided by the Southern District of New York, addressed a matter similar to that at issue in the present case. 154 F.R.D. 61 (N.Y.S.D. 1994). The plaintiff in *McFadden* had separate causes of action against a retailer and a security guard for the same alleged false arrest and restraint. *Id*. The case against the retailer, Grand Union,

10

Case 3:14-cv-05077-DGK   Document 9   Filed 07/24/14   Page 10 of 13

was pursued in state court while the plaintiff pursued the security guard in a simultaneous federal §1983 case. *Id*. The Southern District held that bifurcating state and federal cases, both of which concerned the same event, was not proper under Rule 19. *Id*. at 62. According to the court, "complete relief could only be provided were both the guard and Grand Union joined." *Id*. at 62-63. "Moreover, confusion would occur if (1) inconsistent rulings concerning the same facts were rendered in differing courts, or (2) both Grand Union and the security guard were held liable based on the same event, thus creating risks of double recovery or requiring further cross-litigation to determine which, if either, would be liable to the other for any judgment." *Id*. at 63.

The simultaneous claims against the City of Joplin and its police officers and Freeman Health Systems and its employees/agents pursued in the Original Suit and this current suit present the possibility of inconsistent rulings regarding the same facts rendered by differing courts. It also raises the risk of double recovery and/or the potential of further cross-litigation to determine which, if either, would be liable to the other for any judgment. As noted in *Exhibits F* and *G*, the 96 hour harm admission was requested by a Joplin police officer and ordered by the Circuit Court of Newton County. As a practical matter, the absence of the police officers and their employers impairs or impedes the defendants in this present suit the ability to protect their interest. The absence of the police officers can also lead to double recovery if the jury in the Original Suit finds the police officers solely at fault for plaintiff's injuries, but the jury in this present suit (absent these major actors) assigns liability to Freeman Health System and its employees and/or agents for the same injuries. For these reasons, plaintiff's complaint should be dismissed for failing to join and indispensable party.

## IV. Conclusion

This present case seeks recovery for the same injuries arising out of the same occurrence at issue in *Christenson v. Freeman Health System*, et al., Case No. 3:13-cv-05073-DPR. Because the injuries, acts, parties, subject matter and evidence necessary to sustain the claim are the same in both actions, plaintiff has improperly split his cause of action. By improperly splitting his cause of action, plaintiff fails to state a claim for which relief can be granted. By maintaining two separate actions for the same injury, improper double recovery is a real risk. Additionally, this present suit fails to name the police officers involved in the arrest and application for 96 harm admission, and therefore fails to join an indispensable party. Defendants pray this Court grant its motion under Rule 12(b)(6) for failure of plaintiff to state a claim for which relief can be granted by improperly splitting his claims, and/or under Rule 12(b)(7) for failing to join an indispensable party.

HYDE, LOVE & OVERBY, LLP


/s/ Andrew J. Donelan
DAVID E. OVERBY
Missouri Bar No. 38052
ANDREW J. DONELAN
Missouri Bar No. 62850
HYDE, LOVE & OVERBY, LLP
1121 S. Glenstone
Springfield, MO 65804
Telephone: 417-831-4046
Facsimile: 417-831-4989
Email: deovrby@cs.com
ajdonelan@att.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:


Philip R. Quinn
Baird, Lightner, & Millsap, P.C.
1901-C South Ventura
Springfield, Missouri 65804
Email:  pquinn@blmhpc.com
Attorneys for plaintiff

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

    /s/ Andrew J. Donelan
    ANDREW J. DONELAN