IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CRIS CHRISTENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-5077-DGK |
| | ) | |
| FREEMAN HEALTH SYSTEM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

These consolidated cases allege that Plaintiff Cris Christenson ("Christenson") was assaulted in his hotel room, taken to a hospital against his will, committed to a mental health hold without good cause, and given deficient medical treatment while there. Pending before the Court are the motions of Defendants James Pletcher ("Pletcher"), Freeman Health System ("the Hospital"), and Deanna Marquis ("Marquis") to dismiss the Complaint (Docs. 8, 25). For the reasons stated below, the motions are DENIED.

**Background**

Construing the Complaint liberally and drawing all reasonable inferences in Christenson's favor, the Court finds the facts to be as follows for purposes of resolving the pending motion to dismiss. On June 5, 2012, Christenson checked into a hotel room in Joplin, Missouri. While Christenson ate dinner and watched television in the room, his estranged wife called the front desk and told the desk clerk, falsely, that Christenson might be suicidal. The desk clerk called the Joplin Police Department, which in turn called Christenson's wife. Christenson's wife told the police department, again falsely, that Christenson had informed her that he was suicidal, was drinking alcohol, and had overdosed on prescription pills.

Police officers went to the hotel and forced their way into Christenson's room. The officers searched the room but did not find any alcohol, prescription pills, or any other evidence to corroborate the allegation that Christenson was a danger to himself. Christenson tried to explain to the officers that he was not suicidal, and that his wife had made the false report because she was angry with him. Undeterred, the officers deployed a Taser against Christenson and took him to the Hospital for a mental health evaluation.

Upon arriving at the Hospital, Christenson told Defendant Therese McBride ("McBride"), a Hospital employee, that he was not suicidal and was being wrongfully held. McBride, without examining Christenson or finding medical evidence that he was a danger to himself or others, admitted him to the Hospital for an involuntary mental health hold. The Hospital and its employees ignored Christenson's repeated requests to be released, to speak to an attorney, and to be evaluated by a licensed mental health professional. Instead, they continued to detain Christenson in the mental health unit, where Pletcher, a physician employed by the Hospital, diagnosed him with Bipolar Type I and prescribed a certain drug. Marquis, a Hospital employee of some kind, coerced Christenson into taking the drug, without explaining the drug's side effects.

The Hospital held Christenson for approximately thirty hours before it allowed a licensed mental health professional to evaluate him. The professional quickly determined that Christenson posed no threat to himself or others and ordered Christenson's release from the Hospital.

Christenson sued the Hospital, the City of Joplin, and certain members of the Joplin Police Department in Case No. 3:13-CV-5073-DGK ("*Christenson I*"). A little more than a year later, he sued the Hospital, McBride, Pletcher, and Marquis in this case on claims of negligence,

false imprisonment, and assault and battery. The Court has since consolidated these cases, with this case as the lead case and *Christenson I* as the subordinate case.

## Discussion

The Complaint charges six counts in this diversity case. All arise under Missouri common law, so Missouri substantive law applies. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Pletcher, the Hospital, and Marquis now move to dismiss the Complaint in their case under Federal Rule of Civil Procedure 12(b)(6) and (7). In reviewing a complaint under Rule 12(b)(6) and (7), the court takes all allegations as true and draws all reasonable inferences from the facts in the plaintiff's favor. *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (Rule 12(b)(6) standard); *Utility Lines Constr. Servs. Inc. v. HOTI, Inc.*, 799 F. Supp. 2d 331, 337–38 (D. Del. 2011) (Rule 12(b)(7) standard).

Defendants move to dismiss all or parts of the Complaint on three grounds. First, Pletcher asserts that he has civil immunity from this lawsuit. Second, the Hospital and Marquis argue that Christenson has split his claim between the two *Christenson* actions, so this lawsuit must be dismissed. Third, the Hospital and Marquis contend this action is missing indispensable parties, namely the City of Joplin and its police officers. Each of these arguments lacks merit.

I. **The face of the Complaint does not establish that Pletcher is entitled to his affirmative defense of statutory immunity, so his motion to dismiss the counts against him on the basis of immunity is denied.**

First, Pletcher moves to dismiss Counts II and VI, which respectively allege medical negligence and false imprisonment. Pletcher argues that he enjoys civil immunity from these claims under Missouri law that states

> no . . . licensed physician [or] mental health professional . . . shall be civilly liable for investigating, detaining, transporting, conditionally releasing or discharging a person pursuant to this chapter or chapter 475, at or before the end of the period for which the

3

> person was admitted or detained for evaluation or treatment so long as such duties were performed in good faith and without gross negligence.

Mo. Rev. Stat. § 632.440. The Complaint does not allege that Pletcher failed to act in good faith or was grossly negligent.[1] On that basis, Pletcher argues, the counts against him fail to state a claim and should be dismissed.

Christenson counters that § 632.440 immunity is actually an affirmative defense, meaning Pletcher has the burden of proving its applicability. A court may dismiss a claim under Rule 12(b)(6) on the basis of an affirmative defense only if the "affirmative defense is apparent on the face of the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (internal alterations omitted). Because the face of the Complaint does not establish Pletcher's immunity, if § 632.440 immunity is an affirmative defense, then dismissal would be inappropriate. The Court must thus decide which party carries the burden of pleading this issue.

Federal courts deciding the content of state law in a diversity case are bound by the decisions of the relevant state's supreme court. *Packard v. Darveau*, 759 F.3d 897, 901 (8th Cir. 2014).[2] The Supreme Court of Missouri has never decided whether § 632.440 immunity is an affirmative defense. However, § 632.440 is essentially a codification of the common law doctrine of official immunity. *Porter v. Muannangi*, 764 S.W.2d 699, 700 (Mo. Ct. App. 1988); *cf. State ex rel. Golden v. Crawford*, 165 S.W.3d 147, 148–49 (Mo. 2005) (holding that an essentially identical statute intended to protect employees of an emergency system from civil

---

[1] No other elements of this immunity are materially at issue on this motion, such as whether Pletcher acted pursuant to Chapters 475 or 632 of the Missouri Revised Statutes.

[2] The Court references Missouri law here because "in a diversity case, the question [of] whether a defense is an affirmative defense or not is answered by reference to state law. When and how such a defense must be raised, and whether it has been waived, are procedural questions answered by the Federal Rules of Civil Procedure." *Union Bank v. Murphy*, 4:10-CV-00714-DGK, 2012 WL 4404372, at *5 (W.D. Mo. Sept. 24, 2012) (internal citation omitted).

liability was a codification of common law official immunity). Official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official for the performance of discretionary acts." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008). Similarly, § 632.440 protects certain health care professionals from liability for alleged acts of negligence committed while performing certain psychiatric services. Mo. Rev. Stat. § 632.440. Therefore, the Court applies Missouri's official immunity jurisprudence, which is considerably more well-developed than its § 632.440 case law.

Official immunity is an affirmative defense. *Nguyen v. Grain Valley R-5 Sch. Dist.*, 353 S.W.3d 725, 729–30 (Mo. Ct. App. 2011); *Richardson v. City of St. Louis*, 293 S.W.3d 133, 139 (Mo. Ct. App. 2009). The defendant, not the plaintiff, must plead and prove official immunity in order to receive its protection from liability. *Richardson*, 293 S.W.3d at 139; *see* Fed. R. Evid. 302. Adapting official immunity to the § 632.440 context, then, the plaintiff does not bear a burden of pleading facts in the complaint in order to defeat § 632.440 immunity. Because it is not apparent from the face of the Complaint that Pletcher is immune under § 632.400, Pletcher's motion to dismiss Counts II and VI for failing to plead the absence of immunity is DENIED.[3]

**II. The Complaint has not impermissibly split a cause of action between two lawsuits because there has not yet been a judgment in one of the lawsuits.**

Next, the Hospital and Marquis argue that the Complaint in the lead case must be dismissed under Rule 12(b)(6) because it "seeks recovery for the same injuries arising out of the

---

[3] The Court is aware that some courts applying Missouri law—but not the Supreme Court of Missouri—have apparently required the *plaintiff* to plead that the defendant falls outside the aegis of § 632.440. *See, e.g.*, *Lacy v. City of Bolivar*, 416 F.3d 723, 727–78 (8th Cir. 2005); *Zimmerman v. Nolker*, No. 08-4216-CV-C-NKL, 2008 WL 5432286, at *5 (W.D. Mo. Dec. 31, 2008); *Bunting v. Huckstep*, 853 S.W.2d 448, 449–50 (Mo. Ct. App. 1993). However, each of these decisions assigned § 632.440 burdens in passing, without any explanatory discussion. Additionally, the *Lacy* opinion's fleeting § 632.440 discussion serviced only an alternative ground for summary judgment. When a state supreme court has not addressed an issue of state law, as here, then the federal court must attempt to "predict" what the state supreme court would decide if presented with the issue. *Packard*, 759 F.3d at 901. In so predicting, the federal court may consider "relevant state precedent, analogous decisions, considered dicta, [and] any other reliable data." *Id.* Because the above cases offer only unconsidered dicta, and the Court accords these cases no persuasive value.

same occurrence at issue" in *Christenson I*, the subordinate case (Doc. 9, at 12). Christenson, these Defendants argue, is "splitting his cause of action of action into concurrent and simultaneous claims," which is barred by Missouri law (*Id.*, at 6).

Missouri common law prohibits a plaintiff from splitting a cause of action between two simultaneous pending cases. *Collins v. Burg*, 996 S.W.2d 512, 515 & n.1 (Mo. Ct. App. 1999) (Teitelman, J.). Because claim-splitting is a species of res judicata, *Shores v. Express Lending Serv., Inc.*, 998 S.W.2d 122, 127 (Mo. Ct. App. 1999), which is an affirmative defense, Mo. R. Civ. P. 55.08, claim-splitting is an affirmative defense that the defendant must plead.

To determine whether an action is split, the court should consider: "(1) whether the separate actions brought arise out of the same act, contract or transaction; (2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Id.* at 515. The penalty for claim splitting is "that an adjudication on the merits in the first suit is a bar to a second suit." *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. 1991); *accord Collins*, 996 S.W.2d at 515. Because the remedy presupposes a prior judgment on the merits, adjudication in the first lawsuit is an implicit element of the affirmative defense of claim splitting.

In fairness, some Missouri Court of Appeals decisions have dismissed cases where there was no prior judgment. *See, e.g.*, *Hutnick v. Beil*, 84 S.W.3d 463, 466 (Mo. Ct. App. 2002). However, the Hospital and Marquis do not cite any Supreme Court of Missouri case following or endorsing this practice. Absent such an endorsement, the Court is bound by the statement of law pronounced by the Supreme Court in *King General Contractors*. *See Packard*, 759 F.3d at 901.

Here, there has been no first judgment on the Hospital or Marquis claims in *Christenson I*. Because it is not apparent from the face of the Complaint that a prior judgment has been

rendered in a separate action on claims arising out of the same occurrence giving rise to the claims here, the Hospital and Marquis's motion to dismiss the Complaint for presenting split claims is DENIED.

### III. Neither the City of Joplin nor certain of its police officers are required parties under Rule 19, so the Hospital and Marquis's Rule 12(b)(7) motion is denied.

Finally, the Hospital and Marquis move to dismiss the Complaint under Rule 12(b)(7) for failing to join required parties, specifically the City of Joplin and its police officers. Under Rule 19, a party is required if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, a party is required if they claim an interest relating to the subject of the action and their absence may "as a practical matter impair or impede the person's ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). A required party must be more than just a joint tortfeasor. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam). The moving party has the burden of showing that a non-party is required under Rule 19. *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

The City of Joplin and its police officers are not required parties because they do not fit into any of the Rule 19(a) definitions. First, the Complaint alleges claims only against the Hospital and three of its employees, arising out of the medical treatment they provided Christenson. The Court can grant Christenson complete relief on any of these claims without the City of Joplin or its police officers being in the case. *See* Fed. R. Civ. P. 19(a)(1)(A).

Second, the City of Joplin and its police officers do not have any legal interest in how Christenson resolves his lawsuit against the Hospital and its employees, so none of their interests will be impeded by resolving this action without them. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

7

Third, proceeding without the City of Joplin and its police officers will not expose any existing party to multiple or inconsistent obligations in this lawsuit. The Hospital argues that since it is a party in both *Christenson* actions, it could be exposed to double obligations. Assuming this concern is valid, it is the fact that the Hospital is a defendant in two actions—*not* the fact that the Hospital would be proceeding in this case without the City of Joplin and its police officers—that exposes the Hospital to inconsistent judgments. Thus, the Hospital's concern would not be addressed by joining the City of Joplin and its police officers. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

At most, the City of Joplin and its police officers are joint tortfeasors with the Hospital, which is insufficient for them to be required parties. *See Temple*, 498 U.S. at 7. Because the Hospital and Marquis have not carried their burden of establishing that the City of Joplin and its police officers are required parties, *see Collier*, 17 F.3d at 1293, the Complaint did not need to join them. The Court denies the Hospital and Marquis's Rule 12(b)(7) motion.

## Conclusion

For the reasons discussed above, Pletcher's Motion to Dismiss (Doc. 25) and the Hospital and Marquis's Motion to Dismiss (Doc. 8) are DENIED.

**IT IS SO ORDERED.**

Date:  December 2, 2014                    /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT

8